IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DARYL SMITH                              :

      Plaintiff,                      :

      v.                              :    CIVIL ACTION NO. WMN-02-1716

MARYLAND DEPARTMENT OF STATE :
POLICE, *et al.*,
                                         :
      Defendants.

---

## MEMORANDUM

Plaintiff, Daryl Smith ("Smith"), filed this action on May 16, 2002[1] under the provisions of

42 U.S.C. § 1983 alleging that his Fourth and Fourteenth Amendment rights were violated when

he was unlawfully stopped and had property unlawfully searched and seized by a plain clothes law

enforcement officer. Named as Defendants to the complaint are the Maryland Department of State

Police, Secretary of the Department of State David Mitchell, and Officers Hector Vento and E.J.

Krickler. This case is pending before the Court on Defendants' Motion to Dismiss. (Paper Nos. 13,

19).

(i)

On March 5, 2002 Defendant's motion for more definite statement was granted and Plaintiff

was directed to inform Defendants of the date of the occurrence, the location of the occurrence, the

full name and address of each party, a short and plain statement of the grounds upon which the

court's jurisdiction or venue depended, and a short and plain statement of the claim showing that

---

[1]Originally this complaint was filed on February 8, 2002 in the United States District Court for the District of
Columbia. That court transferred the case here by order filed April 10, 2002.



Plaintiff was entitled to relief. Plaintiff responded as follows. On February 10, 2001 Plaintiff was stopped on Route 100 located in Anne Arundel County, Maryland by E.J. Krickler (#1932) and Hector Vento (#3194). According to Plaintiff, a plain clothes law enforcement officer stopped him claiming he looked and acted suspiciously. Plaintiff asserts, however, that he was never given a ticket and that the officers stopped him and proceeded to take the license plates off his vehicle because he is African-American. Plaintiff further alleges that the officers took "District of Columbia property" which caused him to loose his job. Plaintiff seeks $200,000.00 in damages. (Paper No. 9; *see also* Paper No. 17).

On May 28, 2002 Defendants filed a Motion to Dismiss. (Paper No. 13). In support of the motion, Defendants assert that the Maryland Department of State Police is immune from suit under the Eleventh Amendment and not subject to suit under 42 U.S.C. § 1983, that Plaintiff has failed to state a claim for money damages under Title XI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, that Plaintiff has failed to state a claim on which relief may be granted, and that Plaintiff has failed to comply with the March 5, 2002 order directing him to file a more definite statement. (Paper No. 13). Defendants also filed a motion to dismiss on July 10, 2002 wherein they allege, in addition to the grounds raised in their earlier motion to dismiss, that Defendant Vento is not subject to suit under § 1983 in his official capacity. (Paper No. 19).

Defendants Maryland Department of State Police and David Mitchell' motion shall be granted. The Maryland Department of State Police is not subject to suit or liability in this action. Absent waiver or consent, the Eleventh Amendment bars suit directly against the state or its agencies, regardless of the nature of the relief sought. *See Pennhurst State School & Hospital v. Halderman.* 465 U.S. 89 (1984). With regard to Defendant Mitchell, the undersigned concludes that he was named as a defendant on the basis of *respondeat superior* since the instant complaint is

2

devoid of any alleged wrongdoing or involvement by him. Because there is no *respondeat superior* liability under § 1983, Plaintiff's claims against Defendant Mitchell must be dismissed. *See Monell v. Department of Social Servs. of New York*, 436 U.S. 658, 691, 694 (1978).

Defendants' motion to dismiss for Plaintiff's failure to comply with the March 5, 2002 order directing him to file a more definite statement shall be denied inasmuch as Plaintiff did, in fact, submit a pleading on March 25, 2002 and June 17, 2002 which is responsive to the March 5 order. The pleadings provide information which the court finds sufficiently responsive to the directives contained in the March 5 order giving due consideration to Plaintiff's *pro se* litigant status.

(ii)

The law is well-settled that a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is to be evaluated only on the pleadings. *See O'Quinn v. Manuel*, 773 F.2d 605, 608 (5th Cir.1985). The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits. *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984). Therefore, in reviewing a motion to dismiss under Rule 12(b)(6), Plaintiff's well-plead factual allegations must be taken as true as must all reasonable inferences reasonably drawn from them. *Migdal v. Rowe-Price Fleming International, Inc.*. 248 F.3d 321, 325-26 (4th Cir. 2001). Further, the pleadings must be liberally construed however inartfully pleaded. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Dismissal is properly granted "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon*, 467 U.S. at 73.

(iii)

Plaintiff alleges that on February 10, 2001 he was stopped by Defendants Vento and Krickler without justification, that he was subjected to an illegal search and seizure, that the plates on his car were removed, and that the basis for Defendants' conduct was based on race. The law is well-settled

3

that the police can stop and briefly detain a person for investigative purposes if the officer has a reasonable suspicion supported by articulable facts that criminal activity may be afoot, even if the officer lacks probable cause. *Terry v. Ohio*, 392 U.S. 1, 30 (1968). Searches and seizures are not prohibited by the Fourth Amendment where they are not unreasonable in scope.

Given the standard under which the Court must review Plaintiff's claim at this point in the litigation, and under the particular facts of this case, the undersigned believes that Plaintiff has pled sufficient facts to survive Defendants' motion to dismiss. The Court, however, offers no opinion on the underlying merits of Plaintiff's Fourth and Fourteenths Amendment claims. In the case at bar, Plaintiff has sufficiently stated a Fourth and Fourteenth Amendment claim as it relates to the February 10, 2001 incident when considering the allegations of a race-based stop, illegal stop, and unreasonable search and seizure. Whether the stop and search and seizure were objectively reasonable is an issue for summary judgment or trial, not one that provides a basis for dismissal on a 12(b)(6) motion.

In light of the foregoing, Defendants Maryland Department of State Police and Col. David Mitchell's Motion to Dismiss shall be granted and Defendant Vento's Motion to Dismiss shall be denied and he will be granted an additional period of time to file a Motion for Summary Judgment regarding Plaintiff's claims of an illegal/unlawful stop and illegal search and seizure. That motion should be properly supported by affidavits, not unsworn statements, as well as relevant documents. Plaintiff will then be given time to oppose the motion by affidavit or other evidence, if he can do so.

A separate Order follows.

_10/8/02_
Date

WILLIAM M. NICKERSON
SENIOR UNITED STATES DISTRICT JUDGE

4