IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DARYL SMITH | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. WMN-02-1716 |
| TROOPER HECTOR VENTO | : |
| Defendant. | : |

## MEMORANDUM

Plaintiff, Daryl Smith ("Smith"), filed this action on May 16, 2002 under the provisions of 42 U.S.C. § 1983 alleging that his Fourth and Fourteenth Amendment rights were violated when he was unlawfully stopped and had property unlawfully searched and seized by a plainclothes law enforcement officer. Officer Hector Vento is the named defendant. This case is pending before the Court on Defendant's Motion for Summary Judgment. (Paper No. 33.) Plaintiff has filed a response[1] to which Defendant has file a reply. (Paper Nos. 35, 36, 39.) No hearing is necessary. Local Rule 105.6 (D.Md.).

On February 10, 2001 Officer Hector Vento was on duty, in uniform, and operating his assigned marked Department of State Police vehicle. During his tour of duty on this date, Officer Vento received a radio call from his assigned police barrack requesting that he assist another trooper, Officer Krickler, who needed a screwdriver to remove a registration plate from a vehicle the trooper had stopped. When Officer Vento arrived a the specified location on eastbound Maryland Route

---

[1] Although Plaintiff has captioned what the court construes as his opposition to Defendant's dispositive motion as a "Motion to Continue," a thorough review of the pleading convinces the undersigned that it is in fact in the nature of an opposition and not a request to continue the case for purposes of filing a further response.



100, he provided Trooper Krickler with the requested screwdriver so she could proceed with removal of District of Columbia registration plates from a 1990 Lincoln Continental which was owned and operated by Plaintiff. Plaintiff's vehicle also displayed Maryland registration plates. Trooper Krickler issued Plaintiff a written warning for improperly displaying two different sets of registration plates and kept possession of the D.C. license plates. *See* Md. Code, § 13-411(a), Transportation Article ("on a vehicle for which two registration plates are required, one plate shall be attached on the front and the other on the rear of the vehicle.") Plaintiff was then allowed to leave the scene displaying only the valid Maryland plates. A week later, on February 17, 2001, Trooper Krickler mailed Plaintiff his D.C. registration plates. Defendant Vento maintains that he did not stop or search Plaintiff's car nor were any of his actions based on Plaintiff's race. (Paper No. 33, Vento Affidavit.)

Plaintiff states that at the time of the incident in question, he was a taxi-cab driver for the District of Columbia. When his D.C. plates were taken, allegedly because of his race (African-American), he contends that he could not retain his job. Plaintiff asserts that the conduct of Officer Vento, who did not make the initial stop but backed up the conduct and actions of Trooper Krickler who made an illegal stop, an unlawful search and seizure, and subjected him to racial profiling, violated his rights under the Fourth and Fourteenth Amendments. (Paper Nos. 1, 9, 17, 24, 26.)

It is undisputed that Officer Vento did not make the initial stop of Plaintiff's car. It is further undisputed that his actions regarding the incident in question were limited to providing Trooper Krickler with a screwdriver so she could remove Plaintiff's D.C. plates from his car. Plaintiff argues, in response to Defendant's position that Maryland state law does not have a provision for displaying two sets of registration plates, that Maryland does have a "compact agreement with DC, MD Transportation Code 12.401,401,404." He maintains that the plates he displayed were for business use and that he had all proper documents. (Paper No. 35).

2

The initial stop of Plaintiff was valid as the display of registration plates is governed in Maryland by Md. Code § 13-411, Transportation Article, which directs that "*one* plate shall be attached on the front and the other on the rear of the vehicle." Md. Code § 13, 411(a). Thus, Trooper Krickler had lawful cause to stop Plaintiff's vehicle based on the improper display of vehicle license plates under the law of this state. *See United States v. Johnson*, 910 F.2d 1506, 1508 (7th Cir. 1990) (individual may be subjected to a lawful stop and a period of detention not amounting to an arrest by a law enforcement officer making an investigative detention which is supported by reasonable suspicion). Officer Vento's actions were limited to providing assistance to Officer Krickler in removing Plaintiff's D.C. tags from his car. Plaintiff was issued a written warning by Trooper Krickler and she returned his D.C. plates to him approximately one week later. The fact that the tags were subsequently returned to Plaintiff does not make the initial seizure unlawful. Because Plaintiff has failed to demonstrate that Officer Vento's conduct violated his Fourth amendment rights, he shall be granted summary judgment on this claim.

Plaintiff's claim that Officer Vento's conduct on February 10, 2001 was based on racial profiling shall be dismissed. There is simply no support in the record for Plaintiff's bald and conclusory allegation that the conduct of either trooper on the day in question had its basis in race.

In light of the foregoing, Defendant's dispositive motion shall be granted and judgment entered in favor of Defendant and against Plaintiff.

A separate Order follows.

DATE: 12/10/02

_____
WILLIAM M. NICKERSON
SENIOR UNITED STATES DISTRICT JUDGE